FILED
8/9/18 2:58 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : Bankruptcy No.  18-20149-GLT |
| | : |
| RALPH E GERMANY | : Chapter 7 |
| SANDRA LOUISE GERMANY | : |
| *Debtor* | : |
| | : |
| Natalie Lutz Cardiello, Trustee | : |
| | : Related to Docket No. 60 |
| Movant | : |
| | : |
| v. | : |
| | : |
| United States of America, Internal | : |
| Revenue Service; Commonwealth of | : |
| Pennsylvania, Department of Revenue; | : |
| County of Allegheny; Municipality of | : |
| Penn Hills; Penn Hills School District; | : |
| Keystone Collections Group | : |
| | : |
| Respondents | : |

### ORDER OF COURT

AND NOW, to wit, this 9ᵗʰ day of August , 20 18, the Court
having considered the Motion to Sell Real Property Free and Clear of Third Party Interests, Liens,
Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as
required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED
THAT:

1. Debtor is the owner of real estate located at 517 Guylyn Drive, Penn Hills, PA 15235 ("Real
Property").

2.  Based on a Property Report obtained by the Trustee, there are no liens or encumbrances
against the Estate's interest in and to the said Real Property.

3. The scheduling of a party herein as a lien holder and/or interest holder, including but not
limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to
the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or
priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing
thereon.

4. The best interests of this Estate and its creditors will be served by this Court, pursuant to 11
U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens,
claims, charges and/or encumbrances against the same, specifically including but not limited to all liens
and/or encumbrances, including but not limited to those of all parties named as Respondents hereto,
including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set
forth above, excepting only those rights of way, easements and restrictions of record or as are apparent
from an inspection of the Real Property.

5. The Real Property is sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, including ownership interests, all of which are divested from the Real Property, excepting only easements and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Real Property would disclose.

6. The sale of the Real Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/her agents, except as otherwise set forth herein.

7. Closing shall occur on or before ten days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel. Possession shall be delivered at closing.

8. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this motion or the order approving the sale. The Trustee is hereby authorized (but not required) to sell the Real Property to the next highest bidder, and so on, in order to liquidate the Real Property for the benefit of the Estate.

9. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property

10. The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

11. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

12. Real estate taxes shall be pro-rated on a fiscal or calendar year basis, as appropriate, between the purchaser and the Estate.

13. Real estate transfer taxes, if any, shall be split equally between the parties.

14. The proceeds of sale of the Real Property shall be used as follows, to wit:

   (a) to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees;

(b) to pay any other such costs as may be properly incurred, if any, customary closing expenses, including sales commissions, and other such items as provided for in the motion or to effect said sale, and any real estate taxes, penalties, interest and costs for prior years as remain unpaid, as well as such amounts (if any) as may be due and owing upon statutory liens for water and/or sewage charges assessed by municipal authorities providing such services to said Real Property;

(c) to pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment);

(d) to pay lien holders, if any, in the order of their priority, to the extent that the claim(s) are not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court; and

(e) to pay the Debtors their claimed exemption in the amount of $33,731.

All remaining funds shall be held by the Trustee pending further Order of this Court.

15. The sale of the Real Property to **Jades Group, LLC**, or his, her or its designee for a consideration of **$44,900** is authorized, approved and confirmed.

16. The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

17. The Court further finds that the sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c)(2) on **July 10, 2018,** in the Pittsburgh Legal Journal on **July 19, 2018** and in the Pittsburgh Post-Gazette on **July 12, 2018**, as shown by the Proofs of Publication duly filed.

18. The Trustee shall file a Report of Sale within five days from the date of Closing, or as soon thereafter as is practicable.

19. The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

20. The Order of Court confirming the sale of the Real Property to Christopher J. Black and Yvonne C. Black as Doc. No. 55 is vacated.

BY THE COURT

GREGORY L. TADDONIO
United States Bankruptcy Judge

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 18-20149-GLT
Ralph E Germany                                                 Chapter 7
Sandra Louise Germany
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: bsil          Page 1 of 1          Date Rcvd: Aug 09, 2018
                             Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 11, 2018.
db/jdb          +Ralph E Germany,   Sandra Louise Germany,   1120 Trinity Ridge Road Apt 104,
                 Raleigh, NC 27607-4226

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 9, 2018 at the address(es) listed below:
          Daniel P. Foster    on behalf of Debtor Ralph E Germany dan@mrdebtbuster.com,
           clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
          Daniel P. Foster    on behalf of Joint Debtor Sandra Louise Germany dan@mrdebtbuster.com,
           clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
          James  Warmbrodt    on behalf of Creditor   FIFTH THIRD BANK bkgroup@kmllawgroup.com
          Keri P. Ebeck   on behalf of Creditor   Duquesne Light Company kebeck@bernsteinlaw.com,
           DMcKay@bernsteinlaw.com
          Natalie Lutz Cardiello    on behalf of Trustee Natalie Lutz Cardiello ncardiello@comcast.net,
           ncardiello@ecf.epiqsystems.com
          Natalie Lutz Cardiello    ncardiello@comcast.net,  ncardiello@ecf.epiqsystems.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                        TOTAL: 8